UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TOMMIE LEE GRIFFIN, | ) |
| Plaintiff, | ) Case No. 08 C 5776 |
| v. | ) Judge Marvin E. Aspen |
| DANIEL MORRIN, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Tommie Lee Griffin, filed suit, *pro se*, against Chicago Police Officers Morrin and Storck, as well as against Chicago Police Detective Herhold, Chicago Police Supervisor Alexander, Watch Commander Roche, and Maurice Hall, a drug dealer. Plaintiff alleges that he was subject to false arrest, excessive use of force, and illegal seizure of property on July 25, 2007. On initial review of Plaintiff's amended complaint, the Court dismissed Plaintiff's claims against Defendants Herhold, Alexander, Roche, and Hall pursuant to 28 U.S.C. § 1915A, allowing Plaintiff to proceed only on his excessive use of force claims. *See* December 29, 2008 Order. Presently pending before the Court is Defendants Morrin and Storck's motion for summary judgment. Defendants have raised three arguments as to why they believe they are entitled to summary judgment: 1) Defendants' use of force in handcuffing Plaintiff pursuant to arrest was not excessive; 2) Plaintiff suffered no injury; and 3) Defendants are entitled to qualified immunity. For the reasons stated herein, the motion for summary judgment is denied.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact, and that the

movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203 F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490 (7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001). Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982); and Local Rule 56.2. This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(e) and Local Rule 56.1

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

(3) a concise response to the movant's statement that shall contain:

(A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and

(B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment,

> including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b). The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs").

Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699, 702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.). Despite being given this notice, Plaintiff's responses to Defendants' Rule 56.1 statement are deficient in that he did not respond to Defendants' statement of facts. *See* "Plaintiff Reply to Defendant Summary Judgment" [#94]. Consequently, Defendants' facts contained in their Rule 56.1 statement, to the extent that they are material and adequately supported by the record, are deemed admitted.

However, Plaintiff's response contains his own statement of facts, paragraphs 4, 6-7, and 9-12, supported by an affidavit and citations to the record. Defendants did not respond to those facts appropriately citing to the record. Instead, in their reply, they argue that Plaintiff's affidavit is self-serving, and that Plaintiff's allegations regarding excessive force by Defendants Storck and Morrin at the police station are beyond the scope of his amended complaint.

Because Plaintiff is proceeding *pro se*, the Court will consider the factual assertions he makes in his response, but only to the extent that Plaintiff could properly testify about the matters at trial – that is, only with respect to those facts within Plaintiff's personal knowledge. See FED. R. EVID. 602.

## FACTS

The following facts are taken from Defendants' Rule 56.1 statement, from the record attached to Defendants Rule 56.1 statement, from Plaintiff's amended complaint, and from Plaintiff's response to Defendants' motion for summary judgment where Plaintiff made adequate citation to the record. Plaintiff, Tommie Lee Griffin, filed this cause of action when he was a pre-trial detainee at the Cook County Jail on November 19, 2008. (Plaintiff's amended complaint.) Defendants are Chicago Police Officers. (Defs.' 56.1(a)(3), ¶2). On July 25, 2007 Defendants, along with other, non-defendant Chicago Police Officers, learned that an investigative alert with probable cause to arrest had been issued for Plaintiff because he was the suspect in a prior shooting. (Defs.' 56.1(a)(3) statement ¶ 5.) On that day, Defendants observed Plaintiff's vehicle parked at 10057 S. Carpenter in Chicago, Illinois, verified that it was his vehicle, and that the investigative alert was still active. (Defs.' 56.1(a)(3) statement ¶ 6 and Defendants' Exhibit E, Arrest Report, p. 6.)

Defendants and other non-defendant officers set up surveillance on the vehicle and waited for Plaintiff. (Defs.' 56.1(a)(3) statement ¶ 7.) Defendants observed another car pull up to the area with Plaintiff in the back seat. (Defs.' 56.1(a)(3) statement ¶ 8.) The other car, a Pontiac Aztec, pulled into an alley and Defendants and other non-defendant officers effected a traffic stop. (Defs.' 56.1(a)(3) statement ¶ 9.)

Defendant Morrin directed Plaintiff to exit the vehicle and asked Plaintiff for identification. (Defs.' 56.1(a)(3) statement ¶ 12.) Plaintiff tendered an Illinois driver's license.

*Id.* As Plaintiff exited the vehicle, Defendant Morrin grabbed his wrist, started to handcuff him, and pushed him against the Pontiac Aztec while completing the handcuffing process. (Defs.' 56.1(a)(3) statement ¶ 13.) Plaintiff attempted to turn around and ask about the charges being brought against him, but Defendant Morrin pushed his head back against the vehicle. (Defs.' 56.1(a)(3) statement ¶ 15.)

Defendant Morrin moved Plaintiff quickly away from the Pontiac Aztec and toward the squad car. (Defs.' 56.1(a)(3) statement ¶ 16.) While Defendant Morrin was moving Plaintiff, Defendant Storck had his gun out. (Defs.' 56.1(a)(3) statement ¶ 17 and Defs' Exhibit F, Plaintiff's deposition, pp. 47-48 and 61.) When Defendant Morrin and Plaintiff arrived at the squad car, Defendant Morrin slammed Plaintiff's head against the hood of the car. (Defs.' 56.1(a)(3) statement ¶ 18.) When Defendant Morrin slammed Plaintiff down on the hood of the squad car, Plaintiff's head and chest came in contact with the vehicle as Defendant Morrin pulled up on Plaintiff's arms. (Defs.' 56.1(a)(3) statement ¶ 19.) Plaintiff tried to look around, moving his head back and forth as Defendants held him against the car and searched him. (Defs.' 56.1(a)(3) statement ¶ 20.) Plaintiff asked why he was being arrested and Defendants told him to shut up, using expletives. (Defs.' 56.1(a)(3) statement ¶ 21 and Defs' Exhibit F, Plaintiff's deposition, p. 47.)

While Defendants transported Plaintiff to the police station, he told them the handcuffs were too tight. (Defs.' 56.1(a)(3) statement ¶ 22.) Transport from the site of the arrest to the police station took ten minutes. (Defs.' 56.1(a)(3) statement ¶ 23.) When Plaintiff arrived at the police station the cuffs were removed, and Plaintiff observed that his wrists were swollen and had deep marks on them from the pressure of the cuffs. (Defs.' 56.1(a)(3) statement ¶ 26, and

Defs' Exhibit F, Plaintiff's deposition, p. 73.)[1] Plaintiff complained to the lockup keeper that his wrists and face were swollen. (Defs.' 56.1(a)(3) statement ¶ 27, and Defs.' Exhibit F, Plaintiff's deposition, p. 72.)

At the police station, Plaintiff was placed in an interview room and asked repeatedly why he was being arrested. (Defs.' Exhibit B, Plaintiff's amended complaint, p. 7, Plaintiff's response to motion for summary judgment supporting affidavit, ¶6). When Plaintiff was told he was not under arrest, he got up to leave. (Defs.' Exhibit B, Plaintiff's amended complaint, p. 7, Plaintiff's response to motion for summary judgment, ¶6. When he got up, Defendants slammed him to the floor placed a knee in his back and in his face, and twisted his wrists and arms. (Defs.' Exhibit B, Plaintiff's amended complaint, p. 7, Plaintiff's response to motion for summary judgment supporting affidavit, ¶6).[2]

When Plaintiff was transferred to the Cook County Jail on July 27, 2007, he saw a doctor who swabbed his wrists with alcohol and told him that if the swelling did not go down he should request a sick call. (Defs.' 56.1(a)(3) statement ¶ 29, and Defs.' Exhibit F, Plaintiff's deposition, p. 88.) Plaintiff has not sought treatment for his wrists since this incident, except when he broke his finger. He seems to indicate in his deposition that he mentioned his wrists to the doctor, but the doctor was only concerned about his broken finger. (Defs.' 56.1(a)(3) statement ¶¶ 31-32, and Defs.' Exhibit F, Plaintiff's deposition, pp. 95-96.)

---

[1] Although the testimony in Plaintiff's deposition continues on the next transcript page, Defendants failed to provide that page, having only included select pages from the transcript. This method of selecting only certain pages from the deposition does not assist the Court in determining the facts, and in fact, seems to lend further weight to the Court's determination that there are questions of material fact necessitating the denial of Defendants' summary judgment motion.

[2] Defendants do not address the allegations except to insist that they are outside Plaintiff's complaint, when they are clearly included on page 7 of Plaintiff's amended complaint.

## ANALYSIS

I.  **Material Questions of Fact exist as to whether the Force Used by Defendants was Reasonable.**

In Plaintiff's complaint, he alleges that Defendants used excessive force both during his arrest (Defs.' Exhibit B, Plaintiff's amended complaint, p. 5), and in the interview room at the police station (Defs.' Exhibit B, Plaintiff's amended complaint, p. 7). Defendants contend in their motion for summary judgment that their actions did not rise to the level of excessive force, arguing, primarily, that Plaintiff suffered no injury. (*See* Defendants' motion) Under prevailing Supreme Court precedent, "*all* claims that law enforcement officers have used excessive force -- deadly or not -- in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." *see Abdullahi v. City of Madison,* 423 F.3d 763, 768 (7th Cir. 2005), *citing Graham v. Connor*, 490 U.S. 386, 395, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989) (emphasis in original). *Accord Brosseau v. Haugen*, 543 U.S. 194, 160 L. Ed. 2d 583, 125 S. Ct. 596, 598 (2004) (*citing Graham* and applying this same standard); *Lawrence v. Kenosha County*, 391 F.3d 837, 843 (7th Cir. 2004) (same). This inquiry involves "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396 (citations and quotation marks omitted).

Not surprisingly, this analysis is "not capable of precise definition or mechanical application" but "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to

evade arrest by flight." *Id*. Since the *Graham* reasonableness inquiry "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom, the Seventh Circuit has held on many occasions that summary judgment or judgment as a matter of law in excessive force cases should be granted sparingly." *see Abdullahi*, 423 F.3d 763 at 773, *citing Santos v. Gates*, 287 F.3d 946 at 853 (9th Cir. 2002).

In the present case, it is not clear from the materials presented by Defendants whether the force used by Defendants while arresting Plaintiff was reasonable. Even though Plaintiff did not respond to Defendants' Rule 56.1 statement of facts, those facts do not establish that there is no material question of fact as to the reasonableness of Defendants' use of force. The established facts are that as Defendant Morrin removed Plaintiff from the back seat of the Pontiac Aztec, he grabbed Plaintiff's wrist, turned him around and pushed him up against the vehicle. Plaintiff attempted to turn around to ask what charges were being brought against him and Defendant Morrin pushed his head against the vehicle. Defendant Morrin rushed Plaintiff over to the squad car and slammed his head against the hood of the car, bringing Plaintiff's head and chest in contact with the vehicle. Plaintiff tried to look around, moving his head back and forth as Defendants held him against the car and searched him.

While Defendants transported Plaintiff to the police station, a trip of about ten minutes, Plaintiff complained that the handcuffs were on too tight. When they arrived at the police station and the cuffs were removed, Plaintiff observed that his wrists were swollen and had deep marks on them where the cuffs had dug into his skin. He complained to the lockup keeper about his swollen wrists and face. When he arrived at Cook County Jail, two days later, he saw a doctor who swabbed his wrists with alcohol and told him that if the swelling did not go down to request sick call.

Plaintiff's offense, aggravated battery with a firearm, is a serious crime, but there is no indication from the current record that Plaintiff presented an immediate danger to the officers or others, or that Plaintiff was resisting arrest or trying to evade arrest by flight. Defendants' statement of facts simply does not foreclose the possibility that Defendants used excessive force in arresting Plaintiff.

With respect to Defendants contention that Plaintiff suffered no injury, he complained to Defendant Morrin of pain in the squad car and to the lockup keeper at the police station. Plaintiff complained to the doctor at Cook County Jail two days later because his wrists and face were still swollen. He may also have mentioned his wrist injury to the doctor who treated him for a broken finger in December of 2008. Plaintiff contends that he continues to suffer a tingling numb sensation and shooting pain in his left and right arms (*see* Defs' Exhibit. F, Plaintiff's deposition, pp. 91-92.) Contrary to Defendants' contention, there is a question of fact as to whether Plaintiff suffered any injury from being handcuffed during his arrest.

The Court further notes that Defendants' selective inclusion of certain deposition transcript pages has worked against them in this case. With the limited and incomplete exhibits, specifically deposition transcripts, provided to the Court with Defendants' motion for summary judgment, the Court was left with no choice but to determine that there are issues of material fact necessitating the denial of the motion.

Finally, Plaintiff clearly alleges in his amended complaint that at the police station on July 25, 2007, when he got up to leave the interview room, both Defendants Morrin and Storck "attack[ed]" him, twisting his arms behind his back, "threw" him to the floor, placing their knees in his back and face. (*See* Defs.' Exhibit B, Plaintiff's amended complaint, p. 7, and Plaintiff's response to Defendants' motion for summary judgment and supporting affidavit, ECF docs. [#94] and [#95]). Defendants never address this alleged attack other than to insist in

their reply that it is outside the scope of Plaintiff's amended complaint. It is not. As it is unaddressed, there is a material question of fact as to whether Defendants used excessive force in restraining Plaintiff in the interview room at the police station following his arrest.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is denied. This matter is set for status on September 2, 2010 at 10:30 a.m.


Dated: _8/11/10_____          _____
                                        Marvin E. Aspen
                                        U.S. District Court Judge